UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH REED | CIVIL ACTION |
| VERSUS | NO. 14-2646 |
| ROBERT C. TANNER, ET AL. | SECTION "S"(3) |

## REPORT AND RECOMMENDATION

Plaintiff, Joseph Reed, a state prisoner, filed this civil action against Rayburn Correctional Center Warden Robert C. Tanner and Records Director Ivy Morris pursuant to 42 U.S.C. § 1983.[1] In this lawsuit, plaintiff claims that his rights are being violated because the defendants refuse to allow him to serve his two criminal sentences concurrently. As relief, he requests that this Court order that his sentences run concurrently or that he be awarded monetary damages.

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984).

I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

## II. Plaintiff's Claims

In his complaint, plaintiff states his claims as follows:

> On Sept 11, 2014 I received a notice from Baton Rouge about a ARP.  It regard a issue on the calculation ove my discharge dates to one Warden Robert C.

---

[2] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Tanner, and Records Director Ms. Ivy Morris. This error which was ultimately denied by the ARP system at the Headquarter Level. However I will now try to give a through acount before to your Honor. First fact is that on June 17, 2009 is the exact date I began doing my Parole time. As initially stated in the inclose letter by the Parde board and my parole officer, "your parole was thereby revoked effective 6/17/2009. The other fact is my (plea bargain). I waived my rights agreeing to be Multi-Billed and sentenced as a Habitual Offender to (8) years flat. However because the language of my transcripts don't specify wheather my parole be ran concurrent, or not the Department of Corrections Admistration is not. Furthermore it is stated that "this (8) sentence will be without benefit of probation, or suspension of sentence. Absolutely no Good time Parole Supervision (date GTPS).[3]

Attached to the complaint is a copy of the Louisiana Department of Public Safety and Corrections Headquarters' response to plaintiff's administrative grievance. That response states:

> Response to Request Dated , Received in this Office on 9/11/2014:
> We have considered your statements in this matter. A Corrections Specialist has closely reviewed your ARP to determine the validity of your claim, to assess this particular situation, and to issue a fair response.
> This will advise that your concerns were adequately addressed by the first step response to RCC-2014-429. The court failed to express a concurrent or consecutive order with regard to the other sentence on Docket No. 09-2824 you are presently serving. This department does not have any documentation to support your claim that all the sentences are to run concurrent, therefore your release dates will remain as shown on your current time computation worksheet. In the court ruling of Warren Armstead, Jr. v. DOC, First Circuit #2000 CA 1729, the case held that the trial court did not have to use specific language in order to the inmate to be legally adjudicated as an habitual offender. As long as the court uses language that indicates its intent that the inmate be adjudicated as an habitual offender, the department can consider the inmate as a habitual felon. In your case, second offender was used, along with LA R.S. 15:529.1. Per La R.S. 15:574.4 you are not eligible for parole consideration because you have committed seven offense(s) which you have been convicted.
> We concur with the response you already received from the RCC staff and can therefore justify no further investigation into this matter.
> Relief request is hereby denied at the Headquarters level.[4]

---

[3]  Rec. Doc. 1, p. 6.

[4]  Rec. Doc. 1, p. 7.

The crux of plaintiff's argument is that the prison authorities should allow him to serve his state criminal sentences concurrently, and the primary relief he seeks is an order from this Court directing that he be allowed to serve his sentences in that manner so that he will be eligible for an earlier release. However, such a claim is not properly brought under 42 U.S.C. § 1983. Rather, where, as here, a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); accord Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Cf. United States v. Roth, 359 Fed. App'x 453, 455 (5th Cir. 1983) (federal prisoner's claim that the Bureau of Prisons had incorrectly calculated his sentence must be raised in a habeas corpus application filed under 28 U.S.C. § 2241). While this Court could, of course, construe the complaint in part as an application for federal habeas corpus relief, the undersigned declines to recommend that course of action because plaintiff simply is not entitled to such relief for the following reasons.

A state prisoner may seek relief under either § 2241 or § 2254 of Title 28 of the United States Code. Specifically, relief should be sought under § 2254 if the prisoner is challenging the legality of his underlying state conviction or the sentence imposed by the trial court, while relief should be sought under § 2241 if he is instead challenging the manner in which prison officials are executing his sentence. Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995). It appears that plaintiff is attempting the latter type of challenge.

In any event, regardless of whether a prisoner is seeking relief under § 2241 or § 2254, he must first exhaust his remedies in the state courts. See 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies in *habeas corpus* actions brought pursuant to § 2254); Edge v. Stalder,

83 Fed. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in habeas corpus actions brought pursuant to 28 U.S.C. § 2241); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (same). Moreover, as the United States Fifth Circuit Court of Appeals has explained:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

Here, plaintiff does not indicate that he has asserted his claim that his sentence is being improperly calculated or executed to the Louisiana Supreme Court. Further, in a telephone conversation on November 26, 2014, this Court confirmed with the Clerk's Office of the Louisiana Supreme Court that plaintiff has not filed any applications with that court challenging his current confinement. Clearly, therefore, he has not exhausted his state court remedies with respect to his instant claim. Accordingly, it would be futile to construe the complaint in part as a habeas corpus petition, because plaintiff would not be entitled to habeas relief based on his failure to exhaust his remedies in the state courts.

To the extent that plaintiff alternatively seeks monetary damages, that form of relief obviously may generally be sought in a § 1983 action. That said, plaintiff is not entitled such relief in this case for the following reasons.

Plaintiff clearly cannot be granted monetary damages against the defendants in their official capacities. Both defendants are state employees working at the Rayburn Correctional Center, a prison operated by the Louisiana Department of Public Safety and Corrections. See, e.g., Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3

(E.D. La. May 8, 2008). State employees sued in their official capacities for monetary damages simply are not considered "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); American Civil Liberties Union v. Blanco, 523 F. Supp. 2d 476, 479 (E.D. La. 2007); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *4 (E.D. La. Jan. 21, 2010); Searls v. Louisiana, Civ. Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009); Demouchet, 2008 WL 2018294, at *3. Additionally, because a claim against a state employee in his or her official capacity for monetary damages is actually a claim against the state itself, such claims are barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Tyson, 2010 WL 360362, at *4; Searls, 2009 WL 653043, at *6; Demouchet, 2008 WL 2018294, at *3.

Plaintiff also is not entitled to an award of monetary damages against the defendants in their individual capacities because his underlying claim is frivolous. Louisiana law expressly provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. *Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.* In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

La. Code Crim. P. art. 883 (emphasis added). Here, plaintiff's offenses were obviously separate, in that he is serving one sentence as result of prior conviction (with respect to which his parole was revoked in 2009) and his other conviction and sentence are based on a later unrelated offense. Therefore, pursuant to Article 883, he must serve his sentences consecutively unless the state court expressly ordered that they be served concurrently. Plaintiff candidly acknowledges that the

transcript is silent on that point, and, accordingly, the defendants' refusal to accede to plaintiff's request was mandated by state law.

To the extent that plaintiff may also be complaining that he is being required to serve his habitual offender sentence without benefit of parole, probation, or suspension of sentence, relief likewise is not warranted with respect to any such claim. It is within the purview of the Department of Corrections to determine parole eligibility, and prisoners with three or more felony convictions are ineligible for parole. La. Rev. Stat. Ann. § 15:574.4(A)(1)(a). Although plaintiff was apparently sentenced by the state court as only a second offender, the Department of Corrections makes its own independent assessment of an offender's criminal history and is not bound by the state court's habitual offender determination. Riggins v. Kaylo, 943 So.2d 1154, 1155-56 (La. App. 1st Cir. 2006). Here, as noted above, the Department determined that plaintiff in fact had seven convictions, and plaintiff does not dispute the accuracy of that determination. As to his ineligibility for probation or suspension of sentence, that was dictated by state law. Because he was adjudicated and sentenced by the state court as a second offender under La. Rev. Stat. Ann. § 15:529.1, he is statutorily ineligible for those benefits. La. Rev. Stat. Ann. § 15:529.1(G) ("Any sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence."). That is true even if the sentencing court failed to specify his ineligibility for such benefits. La. Rev. Stat. Ann. § 15:301.1(A); State v. Breaux, 110 So.3d 281, 283 (La. App. 4th Cir. 2013) ("La. R.S. 15:301.1(A) provides that in instances where the statutory restrictions are not recited at sentencing, they are deemed contained in the sentence, whether or not imposed by the sentencing court."), writ denied, 124 So.3d 1093 (La. 2013).

For all of the foregoing reasons, plaintiff simply is not entitled to the relief he seeks, and his federal civil rights claims should be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this sixth day of January, 2015.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.